## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **John J. Duka, Jr.,** | ) | **CASE NO. 1:12 CV 1683** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Daniel Dunlap,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff John J. Duka, Jr. filed this action under 42 U.S.C. § 1983 against Lake County Sheriff Daniel Dunlap, Lake County Jail Administrator Captain Frank Leonbruno, Lake County Jail Nurse Cion Cabailish, and the Lake County Jail.  In the Complaint, Plaintiff alleges he was denied proper medical care for an eye injury.  He seeks monetary damages.

### BACKGROUND

Plaintiff alleges he was poked in the eye during a recreation period at the Lake County Jail.  He claims he alerted a corrections officer and was escorted to the medical department.  He was seen by a nurse who examined the eye and determined it had not been damaged.  He was told to apply ice and take Motrin for pain.

Plaintiff returned to the medical department a few days later.  He indicated to the intake

official that he was still experiencing discomfort, and was seeing flashes of light shooting across his field of vision.  He was examined by Nurse Cabailish who informed him that there was no damage to his eye and explained that the flash of light was part of the healing process.

Plaintiff sent a kite to the medical department on February 14, 2011, complaining that the frequency of the flashes of light had increased dramatically.  He asked to be scheduled to see an ophthalmologist.  Nurse Cabailish replied to the kite stating, "Obtain a court ordered furlough to see your own eye doctor."  (ECF No. 1 at 5.)  Plaintiff claims he attempted to obtain a court ordered furlough, but his request was denied.

Plaintiff was released on bond in March 2011.  He claims that by this point, he had lost sight in his right eye.  He went to the Cleveland Clinic Cole Eye Institute where he was admitted to the hospital for testing.  He had surgery on his eye the following day to repair a detached retina.  He contends his retina had completely detached from his cornea, causing him to have permanent vision loss in that eye.  He asserts claims for violation of his Fifth, Eighth, and Fourteenth Amendment rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v.*

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997);

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

As an initial matter, three of the Defendants are not proper parties to this action.  First, Plaintiff names the Lake County Jail as a Defendant.  Jails are not *sui juris* and, therefore, cannot sue or be sued.  *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328

---

*Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). The jail is merely a sub-unit of the municipality it serves.  *See Williams*, 680 F.Supp. at 1080. Plaintiff's claims against the Lake County Jail are, therefore, construed against Lake County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality can, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."  *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  Plaintiff alleges that Nurse Cabailish did not provide him with proper medical treatment.  He does not allege that she was acting pursuant to a custom or policy of Lake County when she made these decisions.  Lake County cannot be held liable for her actions.

Furthermore, there are no allegations in the Complaint against Lake County Sheriff Daniel Dunlap or Lake County Jail Administrator Captain Frank Leonbruno.  Plaintiff cannot establish the individual liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186,

-4-

1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff does not allege that these Defendants were aware of his medical condition or that they directly participated in his treatment decisions. Absent allegations of this nature, Dunlap and Leonbruno cannot be held personally liable for damages to the Plaintiff.

It is possible Plaintiff may be bringing the claims against these defendants in their official capacities.  A suit against a public servant in his official capacity is the equivalent of a suit against the municipality he represents.  *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  Both Dunlap and Leonbruno are Lake County officials.  A suit against them in their official capacity is, in essence, a suit against Lake County.  Plaintiff, however, does not allege Dunlap or Leonbruno committed actions pursuant to a custom or policy of Lake County.  *See DePiero*, 180 F.3d at 786.  Claims against them in their official capacity cannot proceed.

Finally, Plaintiff claims Nurse Cabailish was deliberately indifferent to his serious medical needs in violation of the Fifth, Eighth, and Fourteenth Amendments.  "Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eight Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate

-5-

indifference" standard).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's eye injury is sufficiently serious to satisfy the objective component of his claim.  The Court must now determine whether Plaintiff has also alleged sufficient facts to satisfy the subjective component of his claim.  To do so, he must establish that Nurse Cabailish acted with deliberate indifference to his serious medical need.  It is not sufficient to simply allege she was negligent in her diagnosis and treatment of the injury.  The subjective component is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.  By contrast,

medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  *Id.* at 835.  "The party asserting a claim that medical care received was lacking or inadequate bears the burden of proving that the decision to provide no, or substandard, medical care was deliberate or knowing."  *Pack v. Martin*, No. 04-2218, 2006 WL 772903 (6th Cir. Mar. 27, 2006); *Flanory v. Bonn*, 604 F.3d 249,255 (6th Cir. 2010).

Here, Plaintiff asserts Nurse Cabailish was deliberately indifferent to his serious medical need and provided negligent treatment.  To the extent he is asserting a claim under 42 U.S.C. §1983 based on negligence, it must be dismissed.  *Farmer*, 511 U.S. at 837.  To the extent Plaintiff is asserting a claim under the Fourteenth Amendment, his Complaint may have plausible merit.  He alleges he sought assistance from Nurse Cabailish on three occasions within a one week period of time.  On each visit, he alleges he reported increasingly serious symptoms and asked to be referred to an ophthalmologist.  She replied, "Obtain a court ordered furlough to see your own eye doctor."  (ECF No. 1 at 5.)  When he was finally released and able to see a physician, he received immediate surgery to repair a complete retinal detachment.  On the face of the pleading, Plaintiff has alleged sufficient facts to suggest he may have a plausible claim for relief against Nurse Cabailish for deliberate indifference to serious medical needs under the Fourteenth Amendment.

## CONCLUSION

Accordingly, Plaintiff's claims against Lake County Sheriff Daniel Dunlap, Lake County Jail Administrator Captain Frank Leonbruno, and the Lake County Jail are dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This action shall proceed solely on

Plaintiff's Fourteenth Amendment claim against Lake County Jail Nurse Cion Cabailish.  The

Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service

of process and shall include a copy of this order in the documents to be served upon the

defendants.

        IT IS SO ORDERED.


                                  /s/Patricia A. Gaughan
                                 PATRICIA A. GAUGHAN
Date    6/17/13                   United States District Judge