**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **John Duka,** | ) | **CASE NO. 1:12 CV 1683** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Lake County Ohio, et al.,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendants.** | ) | |

<u>**Introduction**</u>

This matter is before the Court upon Motion to Dismiss of Defendants Lake County, Sheriff Daniel Dunlap, and Doctor Carla Baster (Doc. 47) This case arises out of an injury to plaintiff's eye while he was incarcerated at the Lake County Jail.  For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

<u>**Facts**</u>

Plaintiff John Duka filed his original Complaint *pro se* on June 29, 2012 against defendants Lake County Sheriff Daniel Dunlap, Lake County Jail Administrator Captain Frank Leonbruno, Lake County Jail Nurse Cion Cabailish, and the Lake County Jail.  Upon

1

initial review, this Court issued a Memorandum of Opinion and Order dismissing all defendants except for the nurse.

Plaintiff filed an Amended Complaint on March 8, 2013 naming as defendants Dunlap, Cabailish, and Lake County Jail Employees John Does 1-100.  This Court issued an Order on June 18, 2013, dismissing re-named defendant Sheriff Dunlap as he had previously been dismissed and no new claims had been asserted against him.  Plaintiff was given additional time to correctly identify the nurse whose name had been determined to be incorrectly stated in the pleading.

Plaintiff filed another Amended Complaint on October 28, 2013.  He named as defendants Lake County Jail Nurse Carolyn Barbish, Lake County Jail Doctor Carla Baster, and Lake County. On February 27, 2014, an attorney entered an appearance on plaintiff's behalf.  The following day, an Amended and Supplemental Complaint was filed.  This most recent pleading names as defendants:  Lake County [,] Ohio, Sherriff [sic] Daniel Dunlap, Jail Administrator Capt. Frank Leonbruno, Doctor Carla Baster, Nurse Diana Snow, LPN Carolyn Barbish, Nurse Patricia Rock, and Nurse Nita Brickman.  Defendants Dunlap and Leonbruno are sued in their official capacity only. The remaining defendants are sued in their official and individual capacity.  The Amended and Supplemental Complaint alleges the following background facts.

On January 28, 2011, plaintiff was committed to the Lake County Jail.  On February 7, 2011, plaintiff was poked in the eye by another inmate during recreation.  Due to the severe pain and bleeding, plaintiff was immediately escorted to the medical unit by a corrections officer.  He was examined by a nurse who looked in his eye with a pen light and stated he was

2

fine.  She prescribed 24 hours of ice, one week of Motrin, and an anti-bacterial ointment.  On February 10, 2011, plaintiff sent an Inmate Request Form to the Lake County Medical Staff stating that his eye was still bothering him, he was now seeing "flashes of light shooting across his eye," and he was experiencing pain.  On February 10, 2011, plaintiff was examined by a nurse who told plaintiff that the pain and flashes were part of the healing process and would go away.  Plaintiff continued to experience increased flashes of light and pain.  On February 14, 2011, plaintiff sent another Inmate Request Form to the Lake County Medical Staff requesting treatment by a professional eye doctor. Plaintiff did not receive a response to this form until February 16, 2011 whereby he was instructed to "obtain a Court ordered furlough to see your own eye doctor."  This response was signed by Nurse Carolyn Barbish.  On February 25, 2011, plaintiff was released on bond and began temporary employment.  On May 4, 2011, he experienced foggy vision and then vision in his right eye began to go black.  Plaintiff was taken immediately to the emergency room and underwent opthalmolgic surgery to repair a completely detached retina.  Plaintiff is now almost legally blind in his right eye.  Plaintiff alleges negligence, violations under §§ 1983 and 1985, and "loss of chance to cure."

This matter is now before the Court upon Motion to Dismiss of Defendants Lake County, Sheriff Daniel Dunlap, and Doctor Carla Baster.

### **Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing

3

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing

the complaint in the light most favorable to the non-moving party, "the court does not accept

the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted

factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In*

*re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth

Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
> the claim showing that the pleader is entitled to relief." "Specific facts are not
> necessary; the statement need only give the defendant fair notice of what the ... claim
> is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007)
> (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However,
> "[f]actual allegations must be enough to raise a right to relief above the speculative
> level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at
> 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*
> *v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require

that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face based on factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.. *Twombly*, 550

U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555.

### (a) statute of limitations

Defendants argue that the § 1983 claims asserted in Counts Two and Three [1] are

---

[1]     The Amended and Supplemental Complaint actually contains two Count Threes.
The second Count Three, however, alleges a § 1985 violation.  Plaintiff has

4

barred by the statute of limitations.  The Sixth Circuit has recognized,

> Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.2003). Thus, for 42 U.S.C. § 1983 actions brought in Ohio, a two-year statute of limitations applies. *Id.* at 855–56 (citing Ohio Rev.Code § 2305.10). This two-year statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988). A plaintiff, moreover, has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Id.*

*Rodriguez v. City of Cleveland,* 439 Fed.Appx. 433 (6th Cir. 2011) (internal quotations omitted).  Defendants also argue that plaintiffs state law claims of negligence and loss of chance to cure are likewise time-barred. The claims also are governed by the two year statute of limitations.  *Barker v. Emergency Professional Serv., Inc.*, 2013 WL 6873067 (Ohio App. 11th Dist. December 31, 2013) (citing Ohio Revised Code § 2305.10(a)).

Plaintiff's original Complaint, filed less than two years after he discovered in May 2011[2] that he had a detached retina, named moving defendant Dunlap.  Additionally, at that point, plaintiff named the Lake County Jail.  This Court construed the claim as one against Lake County given that jails are not *sui juris.*  Moreover, plaintiff's March 8, 2013 Amended Complaint (also filed within two years of the discovery of his injury) sued Nurse Cabailish in her official and individual capacity.  An official capacity claim (as discussed below) is a claim against the entity for which the individual is an agent.  Thus, dismissal of defendants

---

dismissed this claim. Any reference, hereafter, to Count Three refers to the § 1983 claim.

[2]     Defendants assert that the statute of limitations period began to run on February 7, 2011, when plaintiff was injured.  But, plaintiff would not have discovered the extent of his injury on that date.

Dunlap and Lake County on the basis of the statute of limitations is inappropriate.[3]

Plaintiff, however, did not add Doctor Baster as a party until October 28, 2013- more than two years after he discovered his injury.  Plaintiff argues that his amendment relates back to the original Complaint.[4] This Court disagrees as to moving defendant Baster. Fed.R.Civ.P. 15(c) states:

> **(1) When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[3]     Defendants state, "Because plaintiff's negligence and loss of chance claims accrued approximately February of 2011, he is time-barred from asserting them against defendants whom he names as parties for the first time after February of 2013 when his statute of limitations expired.  This would include all defendants except Dunlap and Leonbruno."  (Doc. 47 at 12) Thus, defendants concede that dismissal of the state law claims on the basis of statute of limitations would be inappropriate as to moving defendant Dunlap.  Since the Court has construed the original Complaint as being filed against Lake County, defendants would apparently concede that dismissal of the state law claims would not be time-barred against that defendant either.

[4]     Plaintiff also argues that a four-year statute of limitations applies to § 1983 claims and that this Court's Case Management Order permitting amendment of the pleadings and joinder of new parties renders moot any statute of limitations argument. The Court rejects both of these arguments without discussion. Plaintiff does not address the appropriate statute of limitations for his state law claims.

6

(ii) knew or should have known that the action would have been brought
against it, but for a mistake concerning the proper party's identity.

Plaintiff contends that his amended claims were alleged in his original Complaint.  However, the Court finds that Rule 15(c)(1)(C)(ii) is not satisfied as to Baster.  Although plaintiff added John Does 1-100 in his amendment of March 8, 2013, his addition of Baster after the statute of limitations had run was not as a result of a "mistake" but either a lack of knowledge of her identity or some other reason. *See Brown v. Cuyahoga County, Ohio,* 517 Fed.Appx. 431 (6th Cir. 2013) (citing *Cox v. Treadway*, 75 F.3d 230 (1996)) (An absence of knowledge is not a mistake as required by Rule(c)(1)(C)(ii) and, therefore, a plaintiff's lack of knowledge of the identities of the jail employees is not a reason to relate back after the statute of limitations has expired.)

Plaintiff argues that equitable tolling should apply because he has exercised due diligence in attempting to discover the names of the proper parties who denied him medical care and that defendants have mislead him and concealed information from him.  But, there is no evidence that defendants did so.  From the onset, plaintiff sued the nurse whose signature on the Inmate Request Form he could not read. He thereafter attempted to learn her correct name.  Plaintiff states in his latest pleading that defendants revealed in an October 21, 2013 letter that the names on that Inmate Request Form were Nurse Barbish and Doctor Baster. Plaintiff then amended his Complaint to add Baster.  But there is no indication that defendants were intentionally concealing Baster's identity as plaintiff was always seeking the nurse's identity.  Plaintiff has not demonstrated that he is entitled to equitable tolling.

For these reasons, defendant Baster is dismissed on the basis of the statute of

7

limitations.[5]

### (b) § 1983 policy or custom claim

Plaintiff has sued Lake County and named Dunlap in his official capacity only.   A plaintiff may sue a municipality under § 1983 for executing a government policy or custom that inflicts the injury for which the government as an entity is responsible. *Amerson v. Waterford Tp.*, --- Fed.Appx. ----, 2014 WL 1424500 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). "The custom or policy must be the 'moving force' behind the constitutional violation, so the plaintiff needs to "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.' " *Id.* (citations omitted).

An official capacity claim is another name for a claim against the municipality. *Essex v. County of Livingston*, 518 Fed.Appx. 351 (6th Cir. 2013) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir.2009) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent.").  Thus, official capacity claims need not be addressed separately "because individuals sued in their official capacities stand in the shoes of the entity they represent." *Jackson v. Wilkins*, 517 Fed.Appx. 311 (6th Cir. 2013) (quoting *Alkire v. Irving*, 330 F.3d 802 (6th Cir.2003).)

Moving defendants argue that plaintiff fails to allege elements and supporting facts to

---

[5]     Defendants also refer to the other "new party defendants," presumably Snow, Rock, and Brickman.  Additionally, in their reply, defendants state, "The statute of limitations issue addressed in the Motion to Dismiss applies to any purported new parties."  (Doc. 61 at 3) But, the motion is not filed by these defendants and, consequently, it is not appropriate to dismiss them on this basis. Nor is the motion filed on behalf of Leonbruno.

8

plausibly state a policy or custom claim for failure to train.

Count Three alleges, "An unwritten policy of withholding medically necessary treatment has caused defendant Lake County to adopt a custom of such withholding."  Lake County failed to train and supervise jail medical staff and failed to discipline them for withholding necessary medical care. Lake County "recklessly failed and was deliberately indifferent to inmates with serious medical conditions.  They failed to meet minimum standards of care by refusing medically necessary care for a serious medical condition..." Lake County failed to comply with State of Ohio Minimum Jail Standards which require the jail to provide 24-hour emergency health care, and to review medical complaints daily and provide treatment. (Am. and Suppl. Compl. ¶¶ 93-96)

In reviewing a motion to dismiss a *Monell* claim, a court must ascertain whether the pleading specifies a governmental policy or custom from which the plaintiff's injuries flowed. *Brown*, 517 Fed.Appx. at 436.  "Failure to provide employees with adequate training may also give rise to *Monell* liability when it evinces deliberate indifference for the rights of those with whom the governmental employees have contact, such that the inadequate training may be fairly said to represent the government's policy or custom."  *Id.*

Defendants argue that plaintiff does not allege, with supporting facts, that the nurse or nurses who examined him declined to provide medical treatment because they received no training due to deliberate indifferent policymakers.  Rather, plaintiff alleges that the nurses examined his eye upon each complaint of pain.  Nor does plaintiff plausibly allege a custom of inadequate medical care given that he fails to allege supporting facts showing that any custom directly caused the inadequate medical care.  Defendants rely on *Jones v. Muskegon*

9

*Cty.,* 625 F.3d 935 (6th Cir. 2010) (citations omitted), which was decided on a motion for summary judgment, and wherein the court stated, " Liability may be imposed on a county only when a county policy or custom caused the plaintiff's injury and a direct causal link existed between the policy and the purported denial of the right to adequate medical care... [W]here no formal policy exists, the critical question is whether there is a particular custom or practice that although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. " (internal citations and quotations omitted).

Plaintiff has alleged enough in Count Three to survive a motion to dismiss the *Monell* claim given that he has alleged that Lake County had an unwritten policy of withholding medically necessary treatment and has adopted a custom of such withholding.  He alleges that Lake County failed to train and supervise jail medical staff, failed to discipline them for withholding necessary medical care, and failed to meet minimum standards of care by refusing medically necessary care for a serious medical condition.  Lake County's failure to train resulted in the loss of plaintiff's eye sight.  At this stage in the litigation, dismissal is not appropriate.[6]

For these reasons, defendant Baster is dismissed.  The motion is denied as to defendants Lake County and Sheriff Dunlap.

**<u>Conclusion</u>**

For the foregoing reasons, the Motion to Dismiss of Defendants Lake County, Sheriff

---

[6]     Defendants do not move to dismiss the state law claims on the basis of failure to meet the plausibility pleading standard.

10

Daniel Dunlap, and Doctor Carla Baster is granted as to Baster and denied as to Lake County

and Dunlap.

       IT IS SO ORDERED.



                       /s/ Patricia A. Gaughan
                      PATRICIA A. GAUGHAN
                      United States District Judge

Dated: 5/1/14